# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:22-cv-00118-MR

| | | |
|---|---|---|
| **NAFIS AKEEM-ALIM ABDULLAH-MALIK, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **FNU PARKER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], filed under 42 U.S.C. § 1983, <u>see</u> 28 U.S.C. §§ 1915(e) and 1915A; Plaintiff's pro se filings [Docs. 6, 7, 8, 9, 10, 12, 14]; and Plaintiff's motion to proceed in forma pauperis [Doc. 4].

## I.    BACKGROUND

Pro se Plaintiff Nafis Akeem-Alim Abdullah-Malik ("Plaintiff") is currently confined at the Mecklenburg County Jail in Charlotte, North Carolina.  He filed this action pursuant to 42 U.S.C. § 1983 on March 16, 2022 on his own behalf as "Head of Class," and on behalf of six identified individuals and "Jail Central Pretrial Detainees."  [Doc. 1]. Plaintiff names as Defendants 18 identified individuals; an unidentified number of "Jane/John Does," described as Mailroom Personnel, Aramark Food Services

Personnel, and Policy Writers; and "Jane Does" and "John Does" not otherwise identified. [Id.]. Plaintiff purports to state claims for violation of the First, Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments. [Id. at 5]. Plaintiff's Complaint is so meandering and nonsensical as to preclude any meaningful summary by the Court here.

## II. MOTION TO PROCEED IN FORMA PAUPERIS

The Clerk has repeatedly ordered the Mecklenburg County Jail to provide Plaintiff's prisoner trust account statement. [See Docs. 5; 5/3/2022, 5/16/2022, & 6/6/2022 Docket Entries]. The Court, however, has not received the statement. Because this Complaint has now been pending initial review for over three months, the Court will address Plaintiff's motion to proceed in forma pauperis (IFP) without the trust account statement. In his Affidavit, Plaintiff reports that he has no income, no assets, and that he is currently detained. [Doc. 4]. The Court, therefore, will grant Plaintiff's motion and allow him to proceed without the prepayment of the filing fee in accordance with the Clerk's usual procedure.

## III. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which

2

relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## IV.  DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff's Complaint fails for several reasons.

## A.    Multiple Plaintiffs

Plaintiff purports to bring this action on behalf of himself, six other identified individuals, and "Jail Central Pretrial Detainees."  [Doc. 1 at 2]. Although the Fourth Circuit has not explicitly addressed this issue, many district courts in this Circuit have prohibited multiple prisoners from joining together as plaintiffs in a single § 1983 action, primarily because of the filing fee requirement found in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b)(1).[1]  See Davis v. Aldridge, No. 3:20-cv-00592, 2020 WL 5502306, at *1 (S.D. W.Va. Sept. 11, 2020) (collecting cases).  Moreover, a pro se inmate may not represent other inmates in a class action, Fowler v. Lee, 18 Fed. App'x 164, 165 (4th Cir. 2001), and may not sign pleadings on their behalf, Davis, 2020 WL 5502306, at *1 (citation omitted).  The Court, therefore, will dismiss the other Plaintiffs on initial review. These individuals may bring suit on their own behalf and are responsible for their own filing fees should they wish to do so.  The Court may later, in its discretion, consolidate the actions pursuant to Rule 42(a) of the Federal Rules of Civil

---

[1] "Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.  The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of – (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal."  28 U.S.C. § 1915(b)(1).

4

Procedure.  Campbell v. Boston Scientific Corp., 882 F.3d 70, 74 (4th Cir. 2018) (citation omitted).  The Court, therefore, will review the Complaint as it relates to the Plaintiff only.

### B.    Multiple, Unrelated Defendants

Moreover, a plaintiff may not assert unrelated claims against unrelated defendants in a single action.  See Fed. R. Civ. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act).  "For example, Plaintiff may not pursue claims of retaliation involving one set of defendants while simultaneously pursuing claims for deliberate indifference to serious medical needs against another set of defendants."  Thomas v. Davey, No. 1:16cv925, 2017 WL 2691824, at *2 (E.D. Cal. June 22, 2017).  A plaintiff may only bring a claim against multiple defendants when (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences; and (2) there are common questions of law or fact.  Fed. R. Civ. P. 20(a)(2).  Here, Plaintiff appears to bring multiple unrelated claims against unrelated defendants.  These may not be litigated in the same action.  The Court will not blindly select which related set of facts and Defendants Plaintiff might want to

5

pursue in this action.

### C.    Frivolous

Plaintiff's Complaint is also so confusing, nonsensical, and unintelligible that the Court is unable to determine the nature of this action in any event. See generally Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief."). This matter cannot proceed on the Complaint before the Court, which the Court finds frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A.

In sum, Plaintiff has failed to state any claim for relief under § 1983. The Court will allow him thirty (30) days to amend his Complaint if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted.

Plaintiff is also admonished that if he again names unidentified individuals as Defendants in this matter, he must name them individually as John/Jane Doe defendants until they can be identified through discovery or otherwise. Simply naming them as "Jane/John Does Mailroom Personnel" or generically as "Jane Does" and "John Does," for example, is insufficient

and improper. He must also clearly and specifically allege in what conduct each individually named Doe Defendant engaged.

Finally, Plaintiff is admonished that future filings that are frivolous, duplicative, fail to comply with the Court's Orders or the applicable procedural rules, address more than one case number, or are otherwise abusive or improper will be stricken without further notice.

## V. PRO SE FILINGS

Since filing the Complaint in this matter, Plaintiff has submitted numerous other documents with this Court directed to several pending cases. [Docs. 6, 7, 8, 9, 10, 12, 14]. These documents are duplicative and far too nonsensical for the Court to meaningfully address. [See id.]. Because the Plaintiff's filings fail to comply with the most basic pleading requirements, they will be stricken. See [Docs. 3, 21, 23]; Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief…."); Fed. R. Civ. P. 10(a) ("Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation…."); Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th

Cir. 1985) (the courts are not required to be "mind readers" or "advocates" for incarcerated or pro se litigants.).

## VI.    CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review.  The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted.  Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order.   If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's pro se filings [Docs. 6, 7, 8, 9, 10, 12, 14] are hereby **STRICKEN** from the record in this matter as abusive and improper.

The Clerk is directed to enter its Order Waiving Initial Partial Filing Fee and Directing the Correctional Facility to Transmit Partial Payments.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner §
1983 form.

**IT IS SO ORDERED**.

Signed: June 27, 2022

Martin Reidinger
Chief United States District Judge