| | | |
|---|---|---|
| **NAFIS AKEEM-ALIM ABDULLAH-MALIK, et al.,** | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **ORDER** |
| **FNU PARKER, et al.,** | ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court *sua sponte* on Plaintiff's failure to file an amended complaint and on Plaintiff's "Petitions TRO's" [Doc. 21], which the Court construes as a motion for injunctive relief; Plaintiff's "Motion to Expand Stay and/or Extend Amended Superseding Complaint and/or "Adopt" Motion to Expand & Support Stay & Extend Response Reply Answer to Complaint Here in Instance Enclosed Motion for 3:22-cv-00114-MR" [Doc. 22; see Doc. 23], which the Court construes as a motion to stay; Plaintiff's letter to the undersigned [Doc. 24]; Plaintiff's uncaptioned "notice" to the Court [Doc. 25]; and Plaintiff's letter to the Clerk [Doc. 26].

**I.    BACKGROUND**

Pro se Plaintiff Nafis Akeem-Alim Abdullah-Malik ("Plaintiff") is currently confined at the Mecklenburg County Jail in Charlotte, North

Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on March 16, 2022. [Doc. 1]. Plaintiff named as Defendants 18 identified individuals; an unidentified number of "Jane/John Does," described as Mailroom Personnel, Aramark Food Services Personnel, and Policy Writers; and "Jane Does" and "John Does" not otherwise identified. [Id.]. Plaintiff purported to state claims for violation of the First, Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments. [Id. at 5]. On initial review, Plaintiff's Complaint was "so meandering and nonsensical as to preclude any meaningful summary by the Court." [Doc. 16 at 2]. Among other things, the Court advised Plaintiff that he could not litigate multiple unrelated claims against unrelated defendants in the same action. [Id. at 5]. Plaintiff had also filed several improper documents in this matter by that time. [See Docs. 6, 7, 8, 9, 10, 12, 14]. The Court struck these filings, finding these documents to be "duplicative and far too nonsensical for the Court to meaningfully address." [Doc. 16 at 7]. The Court concluded that Plaintiff's Complaint was frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A and allowed Plaintiff 30 days to amend his Complaint to properly state a claim for relief. [Id. at 6]. The Court ordered that this matter would be dismissed without prejudice if Plaintiff failed to amend his Complaint in accordance with the Court's Order. [Id. at 8]. The Court also provided that:

> Plaintiff is admonished that future filings that are frivolous, fail to comply with the Court's Orders or the applicable procedural rules, address more than one case number, or are otherwise abusive or improper will be stricken without further notice.

[Id. at 7]. Before the deadline to amend his Complaint expired, Plaintiff moved to stay this matter claiming that he is in severe, chronic pain and was "being scheduled for extensive cervical & spinal surgery." [Doc. 18 at 2]. The Court denied Plaintiff's motion to stay but allowed Plaintiff an additional 30 days to file an amended complaint. [Doc. 20]. The Court noted that, "[i]f Plaintiff needs further extension of that deadline, he may so move, stating adequate grounds therefor." [Id. at 2].

Plaintiff has since filed several documents with the Court, none of which are an amended complaint and many of which directly contravene this Court's Orders. [See Docs. 21-26]. The Court addresses these in turn.

## II.    Motion for Injunctive Relief

In Plaintiff's first filing, which the Court construes as a motion for injunctive relief, Plaintiff states he is being denied "adequate access to courts & law library to prepare for trial & ongoing litigation." [Doc. 21 at 10]. Plaintiff states that he has "multiple litigation cases at bar"[1] and that he remains

---

[1] Plaintiff states that he has a pending habeas corpus matter, an appeal pending before the Fourth Circuit, and another matter pending before this Court. [Doc. 21 at 7-8]. In another pending filing, Plaintiff states that he also has matters pending in Union and

3

detained after two years "without bond for bond bailable charges." [Doc. 21 at 6-7]. Plaintiff seeks adequate access to the law library and to have his legal materials readily available to both prosecute and defend his pending legal matters.[2] [Id. at 13]. Plaintiff argues that one hour and 30 minutes every three weeks, which is apparently his current allotment, is insufficient law library access to prepare for his pending legal matters. [See id. at 9]. Plaintiff also states the GTL tablets detainees are provided for law library access do not contain word processing capability or Black's Law Dictionary. [Id. at 10].

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury

---

Rowan Counties, the North Carolina Court of Appeals, and the North Carolina Supreme Court. [Doc. 23 at 7-8].

[2] As "supporting evidence," Plaintiff attaches a September 30, 2020 Order from the District Court of Union County, North Carolina, ordering that the Union County Sheriff bring Plaintiff, as defendant in pending criminal proceedings, before the Union County Magistrate as soon as possible. [Doc. 21-1]. Additionally, the Order provides that "defendant is also to be allowed to make a request to visit a law library with current law material for a reasonable amount of time if allowed under current Union County Sheriff's Office polices." [Id.]. It seems Plaintiff, at least in part, bases the instant motion for law library access on this state court Order. [See Doc. 21 at 5].

and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009).

Plaintiff's motion for preliminary injunctive relief fails. Plaintiff's cause of action in this matter, if any, remains undefined. That is, Plaintiff failed to state any claim for relief in his original Complaint and Plaintiff has not amended his complaint to state a claim as ordered. As such, there is no claim for any motion for injunctive relief to relate to. Even if the relief Plaintiff seeks related to a claim pending with this Court, Plaintiff has not shown any likelihood of success on the merits and this Court lacks authority to order a county jail to change its policies to accommodate Plaintiff's litigation needs in any event. Moreover, Plaintiff's access to a law library relative to his state criminal proceedings or his appeal pending with the Fourth Circuit is not a matter properly before this Court. The Court cannot and will not grant injunctive relief under these circumstances. The Court will, therefore, deny

5

Case 3:22-cv-00118-MR    Document 29    Filed 09/06/22    Page 5 of 12

and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009).

Plaintiff's motion for preliminary injunctive relief fails. Plaintiff's cause of action in this matter, if any, remains undefined. That is, Plaintiff failed to state any claim for relief in his original Complaint and Plaintiff has not amended his complaint to state a claim as ordered. As such, there is no claim for any motion for injunctive relief to relate to. Even if the relief Plaintiff seeks related to a claim pending with this Court, Plaintiff has not shown any likelihood of success on the merits and this Court lacks authority to order a county jail to change its policies to accommodate Plaintiff's litigation needs in any event. Moreover, Plaintiff's access to a law library relative to his state criminal proceedings or his appeal pending with the Fourth Circuit is not a matter properly before this Court. The Court cannot and will not grant injunctive relief under these circumstances. The Court will, therefore, deny

Plaintiff's motion for injunctive relief.

**III.   Motion for Stay**

Plaintiff also moves to "expand stay" or, in the alternative, to extend the deadline to file an amended complaint. [Doc. 22 at 2-3, 12]. In support of this motion, Plaintiff cites "chronic health" issues and "no law library" because the GTL tablets are currently not working. [Id. at 9]. Plaintiff also moves for appointment of "co/counsel" to "help writ writer/jailhouse lawyer exonerate pretrial detainees absolute & substantive rights" and "to assist Plaintiff with amending, depositions, formally suing such a large collective body of quasi agents, defendants, whom are collectively unjust & abusing power." [Id. at 9, 16]. Alternatively, Plaintiff asks for an order allowing him to "at all times relevant keep in tow visible & tangible legal material pursuant to the 4th Amendment." [Id.]. Finally, Plaintiff seeks to be transferred to Butner FCI I "for physical, mental health treatment & access to a adequate law library." [Id at 10-11]. Plaintiff notes that he wants to "amend" certain Defendants, including "any Jane or John Doe whom upon passing initial review & scheduling will be revealed to plaintiff by disclosure discovery & evidence against defendants that at this juncture is not privy to plaintiff," and two chaplains that have denied Plaintiff's religious beliefs. [Id. at 13-14]. Plaintiff also advises that he "opted to negate" pain management referrals by

a pain and spine specialist who decided not to provide Plaintiff with hip replacement. [Id.].

The Court will deny Plaintiff's motion for stay and alternative motion for an extension of the deadline to file an amended complaint. Plaintiff has failed to state adequate grounds for a stay or an extension. On one hand, Plaintiff claims he needs this matter stayed, in part, because of his chronic health issues, yet on the other plainly demonstrates his ability to inundate the Court with filings. Thus, the Court does not believe that Plaintiff's relative health warrants a stay or further extension of the deadline to file an amended complaint, which has now expired. Moreover, the Court previously extended the deadline for Plaintiff to file an amended complaint based on Plaintiff's claim of chronic pain and impending cervical spine surgery. Plaintiff has now evidenced his ability to engage the judicial process as he sees fit and has apparently refused treatment from a pain specialist because he has been denied hip replacement surgery. Plaintiff also claims he needs more time because he lacks adequate access to a law library. Plaintiff however fails to state how much additional time he needs or how or when he will have the necessary access. It seems in any event that Plaintiff should have waited to file his Complaint until he was properly prepared to do so. Instead, Plaintiff filed a document so meandering and nonsensical the Court was unable to

meaningfully summarize it on initial review and now he wants the Court to wait indefinitely while he purports to fix it. Plaintiff has also consistently failed to demonstrate his willingness to adhere to rules and Court's Orders and there is no reason to believe that allowing Plaintiff more time would change the outcome in this matter. As such, the Court will deny Plaintiff's motion to stay or for an additional extension of time to file an amended complaint.

The Court will also deny Plaintiff's motion for counsel for Plaintiff's failure to state any grounds therefore and Plaintiff's motion for an order requiring the Jail to allow Plaintiff immediate access to his legal materials and for transfer to Butner FCI because the Court lacks authority to so order.

## IV. Plaintiff's Other Filings

Plaintiff has filed four other documents in this matter. [Docs. 23, 24, 25, 26]. They will be stricken from the record. In the first, Plaintiff submits a motion he filed in Case No. 3:22-cv-00114-MR, Doc. 31, and asks that it be adopted in this matter. It is largely duplicative of Plaintiff's motion at Docket No. 22, addressed above, and will be stricken as an unnecessary and duplicative filing. The next is a letter Plaintiff directed to the undersigned referencing both the instant case and 3:22-cv-00114-MR and reiterating the relief he has sought therein. This letter is wholly improper for reasons previously stated by the Court, which will not be repeated here. It will be

stricken. The third document purports to be a "notice" of Plaintiff's whereabouts that lacks any case caption or case number. It will also be stricken. Finally, the fourth document is an improper letter again lacking any case caption or case number directed to the Clerk in which Plaintiff advises that he is being transferred and needs the Court to stay this matter and extend all deadlines until Plaintiff is able "to inform the Courts of [his] status and whereabouts." It too will be stricken.

## V. Dismissal of this Action

The Court will dismiss this action without prejudice. The Court is dismissing this action for three reasons. First, Plaintiff failed to even come close to stating any claim for relief in his initial Complaint and there appears no reason to believe any future submissions by Plaintiff would pass initial review. Second, Plaintiff failed to file an amended complaint as ordered by the Court and failed to state adequate grounds for a stay or an extension of time to file an amended complaint. Instead, he spent considerable time and energy preparing and submitting all the pending filings before the Court. He seeks a stay of these proceedings, in part because of chronic health issues, but also states that he refused care and has demonstrated that he is perfectly capable of inundating the Court with his submissions. Finally, and perhaps most importantly, Plaintiff has willfully failed to comply with direct Orders of

9

this Court. For one, Plaintiff persists in submitting documents to this Court that refer to and seek relief in multiple matters pending with this Court. The Court plainly admonished Plaintiff that such practice was unacceptable and would subject his submissions to being stricken. Moreover, it also appears from Plaintiff's submissions that he failed to even read the Court's initial review Order in this matter let alone abide thereby. That is, Plaintiff states that he wants to amend his Complaint to add additional Defendants, including unidentified Jane and John Doe Defendants whose conduct may be revealed to Plaintiff through discovery, and additional claims by previously unnamed Defendants.[3] Plaintiff also asks for an attorney to assist him in "formally suing such a large, collective body of … Defendants." Plaintiff wholly ignores the Court's directive that multiple unrelated claims may not be brought against unrelated Defendants in a single action. Plaintiff does not appear to recognize or appreciate any guidance or admonitions offered by the Court to assist him in properly prosecuting a case before it. Rather, Plaintiff seems to think the rules and the Court's Orders do not apply to him. The Court, however, is not here to parse Plaintiff's rambling filings, to create

---

[3] The Court also admonished Plaintiff on initial review that, "if he again names unidentified individuals as Defendants in this matter, he must name them individually as John/Jane Doe defendants" and "[h]e must also clearly and specifically allege in what conduct each individually named Doe Defendant engaged." [Doc. 16 at 6-7].

claims for Plaintiff, or to generally be at Plaintiff's disposal to address his endless, needless and improper filings, especially not where Plaintiff has no regard for the manner in which litigation should and must proceed.

**VI. CONCLUSION**

For these reasons, the Court will dismiss this action without prejudice. For what it is worth, Plaintiff is advised to think very critically about whether and how he wishes to proceed in an action before this Court. He is further instructed to read the previous Orders of this Court in this action and his other pending case, the Clerk's Orders of Instructions in these cases, the Federal Rules of Civil Procedure, and the Local Rules of this Court before he proceeds. Plaintiff is also advised that he subject to 28 U.S.C. § 1915(g), which prohibits prisoners from proceeding in forma pauperis if they have previously had three or more actions dismissed as frivolous, malicious, or for failure to state a claim for relief.[4] Thus, to proceed in an action with this Court, Plaintiff must pre-pay the filing fee.

---

[4] With the instant dismissal, Plaintiff will have filed at least three prior civil actions that count as strikes under § 1915(g). [See also Abdullah-Malik v. Bryant, Case No. 1:14-cv-109-RBH, 2015 WL 1311683 (D.S.C. Mar. 24, 2015), and Case No. 3:21-cv-00667-MR, Doc. 33]. The Court will instruct the Clerk to add this case to Plaintiff's Filer Status Report.

11

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff Motion for Temporary Restraining Order [Doc. 21] and Plaintiff's "Motion to Expand Stay" [Doc. 22] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's filings [Docs. 23, 24, and 25] are hereby **STRICKEN** from the record in this matter.

**IT IS FURTHER ORDERED** that this matter is hereby **DISMISSED without prejudice** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A, for Plaintiff's failure to prosecute, and for Plaintiff's failure to comply with Orders of this Court.

The Clerk is instructed to add this case to Plaintiff's Filer Status Report in CM-ECF and to close this case.

**IT IS SO ORDERED**.

Signed: September 6, 2022

Martin Reidinger
Chief United States District Judge